UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUBIN STONE,

    Plaintiff,                                          Hon. Janet T. Neff

v.                                                           Case No. 1:10-CV-423

GLORIA PERRY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Dismissal Based on Plaintiff's Failure to Exhaust Administrative Remedies. (Dkt. #16). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and Plaintiff's action **dismissed**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. Plaintiff arrived at the Brooks Correctional Facility on November 13, 2009, after which he began experiencing back and foot pain. On November 30, 2009, Plaintiff was examined by a physician, who "refused to deal with [Plaintiff's] disability and the constant pain caused by it." Plaintiff continued to submit health care kites, but was prevented from meeting with a physician or a specialist. Plaintiff was instead provided ineffective pain medication.

Plaintiff initiated the present action on April 30, 2010, against Gloria Perry, Unknown Abdellatif, Claire Vander Velden, Tamerla Hamilton, J. Gracik, and Nelson Spitters. Plaintiff requests monetary and injunctive relief. Defendants Vander Velden, Hamilton, and Gracik now move to dismiss

Plaintiff's claims for failure to properly exhaust administrative remedies. Plaintiff has yet to effect service on Defendants Perry, Abdellatif, and Spitters. As discussed below, the undersigned recommends that the motion to dismiss by Defendants Vander Velden, Hamilton, and Gracik be granted. The undersigned further recommends that Plaintiff's claims against Defendants Perry, Abdellatif, and Spitters be dismissed for the reasons discussed below.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving

party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to

hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.          Exhaustion**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

When assessing whether a prisoner has properly exhausted his claims as required by the PLRA, it is appropriate to seek guidance from the substantively similar exhaustion rules applicable to petitions for writ of habeas corpus. *See Woodford,* 548 U.S. at 88. In the habeas context, a petitioner is required to properly present his federal claims through one complete round of the State's established appellate review process. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). To "'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies." *Id.* at 848 (citation omitted). The Supreme Court has stated that in the habeas context, "the sanction for failing to exhaust properly (preclusion of federal review) is called procedural default." *Woodford,* 548 U.S. at 92. To determine whether a habeas petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir.2004), *cert. denied,* 544 U.S. 928 (2005); *accord Lancaster v. Adams,* 324 F.3d 423, 436-37 (6th Cir.2003).

Under the procedural default component of § 1997e(a), a prisoner's claims are procedurally defaulted if he fails to complete the administrative review process in accordance with the

deadlines and other applicable procedural rules and prison officials actually relied upon the procedural rule to bar review of the grievance. *See Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir.2005), *cert. denied,* 126 S.Ct. 2978 (2006); *Spruill v. Gillis,* 372 F.3d 218, 222 (3rd Cir.2004) (holding that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations"). Moreover, just as procedural default in the federal habeas corpus context must be predicated on an adequate and independent state ground, the procedural requirements of a prison grievance system may not be imposed in a way that offends the United States Constitution or the intended purposes of § 1997e(a). *See Spruill,* 372 F.3d at 232.

In support of their motion, Defendants have submitted an affidavit executed by Richard Stapleton on August 30, 2010. (Dkt. #17, Exhibit D). Stapleton asserts that he is, and at all times relevant to the present action was, employed by the MDOC as the Administrator for the Office of Legal Affairs. Stapleton asserts that has "overall responsibility for Step III grievance decisions." According to Stapleton, a copy of every grievance filed by a prisoner is retained in the Office of Legal Affairs. Stapleton asserts that a search of the relevant databases reveals that Plaintiff "has not filed any grievances through to step III in 2009 or 2010 to date."

In response to the evidence submitted by Defendants, Plaintiff has submitted an unsworn[1] pleading in which he asserts two arguments. Plaintiff first asserts that he filed two prison grievances (presumably concerning the events giving rise to this action) that "went unanswered." Plaintiff asserts, therefore, that his failure to pursue the matter through all three steps of the prison grievance process should be excused. The Court disagrees.

Michigan Department of Corrections policy provides that "[c]omplaints filed by prisoners regarding grievable issues. . .serve to exhaust a prisoner's administrative remedies only when filed as a grievance through all three steps of the grievance process." Michigan Department of Corrections Policy Directive 03.02.130 ¶ B (eff. July 9, 2007). This policy provides that a prisoner "may file a Step II grievance if s/he is dissatisfied with the response received at Step I or *if s/he did not receive a timely response*." Michigan Department of Corrections Policy Directive 03.02.130 ¶ BB (eff. July 9, 2007). This policy likewise provides that a prisoner "may file a Step III grievance if s/he is dissatisfied with the Step II response or *does not receive a timely response*." Michigan Department of Corrections Policy Directive 03.02.130 ¶ FF (eff. July 9, 2007). Thus, the alleged failure by prison officials to reply to

---

[1] As is well recognized, "only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Rogers v. Lilly*, 292 Fed. Appx. 423, 428 n.3 (6th Cir., Aug. 22, 2008). Affidavits may be submitted in support of or opposition to a motion for summary judgment. *See* Fed. R. Civ. P. 56(e). To be admissible, however, in a summary judgment proceeding an affidavit must either: (a) be "sworn to before an officer authorized to administer an oath, such as a notary public, or (b) be "an unsworn declaration which is dated and signed by the declarant" and "subjects the declarant to penalties of perjury." *Trapaga v. Central States Joint Board Local 10*, 2007 WL 1017855 at *2 (N.D. Ill., Mar. 30, 2007) (citations omitted); *see also*, *McConnell v. Ritz-Carlton Watertower*, 39 Fed. Appx. 417, 420 (7th Cir., June 5, 2002) (in resolving motion for summary judgment, court properly rejected statements that "were not notarized or subscribed under penalty of perjury"); *Howell v. New Mexico Department of Aging & Long Term Services*, 2010 WL 3965927 at *4 (10th Cir., Oct. 12, 2010) (same). Plaintiff's response to Defendants' motion is not sworn to before an officer authorized to administer an oath. Moreover, Plaintiff's assertion that he will "testify to it under penalty of perjury" is insufficient. There is an important distinction between subjecting oneself to penalty of perjury for statements made in an affidavit and asserting a willingness to testify under oath regarding statements which do not themselves subject the author to the penalty of perjury. In short, Plaintiff did the latter when he needed to do the former. The Court further notes, however, that even had Plaintiff's response had been properly executed as to constitute admissible evidence, the result is the same as discussed below.

Plaintiff's Step I grievances does not excuse his failure to pursue the matter through all three steps of the grievance process.

Plaintiff next asserts that his failure to pursue his claims through all three steps of the grievance process should be excused because the grievance process was "not available." Plaintiff offers no evidence in support of this allegation, but instead merely asserts that "he knows how to use the [grievance] procedure" and the fact that he did not in this instance demonstrates its unavailability. To defeat Defendants' properly supported motion for summary judgment, Plaintiff must introduce evidence demonstrating that there exists a genuine factual issue as to whether he properly exhausted the claims asserted in his complaint. Such unsubstantiated and unsworn statements are insufficient.

Accordingly, the undersigned recommends that Plaintiff's claims against Defendants Vander Velden, Hamilton, and Gracik be dismissed without prejudice for failure to exhaust administrative remedies.

**II.     Defendants Perry, Abdellatif, and Spitters**

In his complaint, Plaintiff asserts no factual allegations against Defendants Perry, Abdellatif, or Spitters. Other than identifying these individuals as defendants, Plaintiff's complaint contains absolutely no mention of them. Plaintiff's failure to make any allegations in his complaint against Defendants Perry, Abdellatif, or Spitters compels the conclusion that Plaintiff has failed to state a claim upon which relief may be granted as to these Defendants. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Plaintiff must allege in his complaint *facts* sufficient to "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests"); *Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937, 1949 (2009) (where a plaintiff names an individual as a defendant, but fails to

make any factual allegations against that individual, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints); *Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir., July 22, 2002) ("a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights").

Plaintiff has been permitted to proceed as paupers in this matter. Pursuant to federal law, "[n]otwithstanding any filing fee, or portion thereof, that may have been paid" by Plaintiff, "the court *shall* dismiss the case *at any time* if the court determines that. . .the action. . .fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). As discussed above, the allegations against Defendants Perry, Abdellatif, and Spitters fail to state a claim on which relief may be granted. Accordingly, the undersigned recommends that Plaintiffs' claims against Defendants Perry, Abdellatif, and Spitters be dismissed for failure to state a claim on which relief may be granted.

The undersigned further recommends that Plaintiff's action be dismissed and that this dismissal be counted as a strike for purposes of 28 U.S.C. § 1915(g). *See Pointer v. Wilkinson*, 502 F.3d 369, 372-77 (6th Cir. 2007) ("we hold that where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)").

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Dismissal Based on Plaintiff's Failure to Exhaust Administrative Remedies</u>, (dkt. #16), be **granted**; Plaintiff's claims against Defendants Perry, Abdellatif, and Spitters be **dismissed** for failure to state a

claim on which relief can be granted; and Plaintiff's action **dismissed**. The undersigned further recommends that dismissal of this action be counted as a strike for purposes of 28 U.S.C. § 1915(g).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 18, 2011

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge